HELEN S. ENGEL PRICE, Appellant, *v.* DAVID PRICE, Respondent.

Second Department, December 17, 1920.

**Husband and wife — annulment of marriage — evidence — admissibility of original school records to show age of plaintiff.**

In an action brought by an infant to annul her marriage on the ground that she was under the age of consent when the marriage was contracted, the original school records of the plaintiff's age, which were required by law to be kept, are evidence of the facts thus required to be recorded and are admissible to establish her age, although the data of age came from a school of a lower grade and the transcriber was not called.

The constant entry of the date of the plaintiff's birth carried through the school period gave it the character of an admission which the plaintiff confirmed by accepting a record card.

APPEAL by the plaintiff, Helen S. Engel Price, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 18th day of February, 1920, upon the decision of the court rendered after a trial at the Nassau Special Term dismissing the complaint upon the merits.

The suit, begun June 25, 1919, was to annul a marriage between the parties, solemnized on March 15, 1913. Although in the affidavit for the marriage license plaintiff swore that her age was nineteen, the basis of this action was a claim that she was but seventeen, having been born on August 17, 1895. The main question raised on appeal is the admissibility of plaintiff's school records as bearing upon her age.

*Henry L. Maxson*, for the appellant.

*William S. Glickman*, for the respondent.

PUTNAM, J.:

Our Education Law makes attendance compulsory between the ages of seven and fourteen, when the child, among other places, resides in a city. (Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], art. 23. See, also, Education Law, § 621. Amd. by Laws of 1911, chap. 710; Laws of 1913, chap. 511; Laws of 1917, chap. 563, and Laws of 1919, chap.

232.) An accurate record is required of the attendance of all children between seven and sixteen years of age. (Education Law, § 629.) Section 630, regarding a school record certificate, as in force during part of the period of plaintiff's school attendance, provides: " Such record shall also give the date of birth and residence of the child, as shown on the school records, and the name of the child's parents, guardian or custodian."* Section 1097 of the Greater New York charter (Laws of 1901, chap. 466) provides: " The board of education shall provide the proper book or books, in form as required by its by-laws, and shall cause the class teachers under the direction and supervision of the principal to enter the names, ages and residences of the scholars attending the school, the name of the parent or guardian of each pupil and the days on which the scholars shall have attended respectively, and the aggregate attendance of each scholar during the year." (See, also, Greater New York Charter [Laws of 1897, chap. 378], § 1099; Consolidation Act [Laws of 1882, chap. 410], § 1035, subd. 4.) Pupils passing from lower to higher grades, or transferred to other schools, take with them this date of birth and like *data* as entered at the original school admission. Here was produced the " permanent scholarship record " authenticated by the official of the board of education in charge of the school records of the Eastern District High School of Brooklyn, wherein plaintiff was a pupil from February 6, 1908, until September, 1911, while she resided in the city of New York, borough of Brooklyn. It was an original record of this high school, although part of the *data* had been copied from the child's record card from the lower school. That source did not impair but confirmed their admissibility. Like records were produced from Public School No. 147 of Brooklyn whence plaintiff had

---

* Since amd. by Laws of 1913, chap. 101, and Laws of 1917, chap. 563. See, also, Education Law (Consol. Laws, chap. 16; Laws of 1909, chap. 21), § 530, as renumbered from § 531 and amd. by Laws of 1909, chap. 409; Id. § 534, as amd. by Laws of 1909, chap. 409; Consolidated School Law (Laws of 1894, chap. 556), tit. 16, § 3, added by Laws of 1894, chap. 671, as amd. by Laws of 1896, chap. 606; Laws of 1903, chap. 459, and Laws of 1907, chaps. 103, 585; Id. tit. 16, § 6, added by Laws of 1894, chap. 671, as amd. by Laws of 1903, chap. 459; Id. tit. 16, § 4a, as added by Laws of 1907, chap. 585.— [*By direction of the Court.*

been advanced to this high school. The school principal was produced and testified to such rolls or records, in which plaintiff was registered as attending from 1906 to 1908. Here again as to this school the entries are original, kept by the proper school authority, although the *data* of age came from a school of lower grade and the transcriber could not and needed not to be called.

In both these schools plaintiff's birth was registered as in 1892 and not 1895, as claimed in this suit. Originally the parents lived in Columbia street, Manhattan. Mrs. Engel, the mother, said she took the girl to a school at the age of six. But neither the mother nor plaintiff was able to identify such school, or to state how long she attended it.

School records of the pupil's age when required to be kept by law, like other official records, such as census returns and like enumeration lists, are evidence of the facts thus required to be recorded. (1 Greenl. Ev. § 484; 5 Chamberlayne Ev. § 3450.) This precise point of the competency of a record of school age which was older than that afterwards claimed by parents in a suit for death, was ruled in 1906 in *Levels* v. *Railroad* (196 Mo. 606). Though not record evidence, in the sense of being conclusive, the fact of such registered age is always competent to be weighed in the balance with other evidence. Indeed, the constant entry of the date of a pupil's birth carried through the school period gives it the character of an admission which the pupil confirms by accepting a record card. The bearing and weight of such records were for the trial court. We see no error in his disposition of the issues and his findings, especially in view of the dubious evidence offered, six years after marriage, which would controvert every age record producible, and charge and impute to defendant the sole responsibility for the age sworn to in plaintiff's affidavit to obtain a marriage license.

I, therefore, advise to affirm the judgment.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Judgment affirmed, without costs.