Joseph S. Deutsch, J.
The three petitions herein present, in a very sympathetic framework, the question of jurisdiction of the Family Court over the 'Commissioner of Social Services as a respondent in a child neglect proceeding brought pursuant to article 3 of the Family Court Act.
The petitioner in each case is a mother. In substance, they allege that their children are neglected children due to the failure and refusal of the Commissioner of Social Services to *21 furnish them with adequate “shelter” (R. petition — three children).,.“ suitable school clothing” (S. petition — four children), and “adequate food, clothing, furniture and .shelter” (H. petition — three children), as required by section 131 of the Social Services Law and section 3209 of the Education Law. The S. petition is also brought on behalf of “thousands of similarly situated children residing in Bronx County ”.
Article 3 of the Family Court Act deals with child neglect proceedings. Section 312 of said act defines a neglected child as a male less than 16 years of age or a female under 18 years of age “whose parent or other person legally responsible for his care ” fails to provide “ the child with food, clothing, shelter, education or medical or surgical care ”.
Petitioners and the Law Guardian for the alleged neglected children contend that the term “person legally responsible” for the children includes the Commissioner of Social Services since he is responsible for the care of and assistance to indigent children (Social Services Law, § 131; Education Law, § 3209).
A neglected child is one not only deprived of the physical care set forth in subdivision (a) of section 312 of the Family Court Act but is also one who suffers “harm from11 the improper guardianship, including lack of moral supervision or guidance ’ ’ (Family Ct. Act, § 312, subd. [b]).
There can be no doubt that the framers of the legislation establishing the Family Court did not intend that the -Commissioner of ¡Social Services be amenable to this court in child neglect proceedings. The Report of the Joint Legislative Committee on Court Reorganization (Report No. 2, January 30,1962, pp. 13-14) under the paragraph heading 6 ‘ .Scope of [neglect] proceedings ” states:
“ The iSocial Welfare Law defines the responsibilities of public welfare officials ‘ to provide adequately for .those unable to maintain .themselves.’ It also defines the responsibility of public and duly- authorized agencies for the care and protection of children. By way of contrast, the law governing neglect proceedings and thus the role of the new Family Court is limited to cases in which children are 1 neglected ’, in a legal sense, by their parents or others legally responsible for their care.
“ The Committee found that all interested persons agreed that parents ‘ neglect ’ their children (in a legal sense) when they fail adequately to supply them with food, clothing, shelter, education, or medical or surgical care 6 though financially able or offered financial means to do so.’ They agreed that if parents were not financially able nor offered financial means to care for their children, the problem should be dealt with administratively *22 under the Social Welfare Law rather than judicially under the Family Court Act.”
The Joint Legislative Committee’s Comments on section 312 of the Family Court Act clearly set forth the basic legislative pattern and rationale in relation to neglect proceeding's and demonstrate its inapplicability to the Commissioner of Social Services. The Comments which follow section 312 of the Family Court Act state: “ 1. Relation to Social Welfare Law. Articles 5 and 6 of the Social Welfare Law define the responsibilities of public welfare officials 1 to provide adequately for those unable to maintain themselves ’ (Section 131) and of public and authorized agencies for care and protection of children. These responsibilities are not limited to cases of neglect. By way of contrast, this section limits the responsibility of the Family Court to cases in which parents or other responsible* persons fail, though financially able or offered financial means, adequately to supply a child with food, clothing, shelter, education, or medical or surgical care or abandon or desert him.”
Against this background, the court concludes that a “ person legally responsible ” under section 312 of the Family Court Act is limited to a parent, relative, guardian or one standing in loco parentis and not the Commissioner of Social Services. Thus, while the said Commissioner has a duty under the Social Services Law and Education Law to furnish care and assistance to indigent children, this is not tantamount to saying that he is responsible for the neglect of children under article 3 of the Family Court Act (Matter of Maynard v. Shanker, 59 Misc 2d 55).
Accordingly, the three petitions are dismissed.
The view herein taken by the court makes the question of class action moot.