■ In the Matter of KENNETH G. et al. (Surnames Anonymous). MAE G. (Anonymous), Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent.— In a neglected children proceeding, the mother appeals from an order of the Family Court, Kings County, dated September 10, 1971, which, after a hearing, extended a prior placement of two of the children with the Commissioner of Social Services for one year in accordance with subdivision (b) of section 1055 of the Family Court Act. Order affirmed, without costs. By order of the Family Court, dated March 8, 1968, the two children in question were adjudicated to be neglected and were placed in the custody of the Commissioner of Social Serivces for 18 months. At the expiration of the 18-month period, custody was extended for two successive one-year periods without opposition by the mother. The present application was brought to extend custody for a third additional year and the mother appeared in opposition. The principal portion of petitioner's evidence consisted of reports prepared on his behalf pursuant to section 1055 of the Family Court Act. The recommendations and supporting data contained therein support continued placement of the children. Since these reports may be used by the court in a dispositional hearing (Family Ct. Act, § 1047, subd. [b]) it is our opinion that petitioner satisfied his burden of showing the continued inability of the mother to care for the children and that continued placement would be in the best interests of the children. Although a reading of the record shows that petitioner satisfied this burden and that the Family Court was of the opinion that this burden was satisfied, certain language contained in the record suggests a confusion as to where the burden lies in a dispositional hearing. Because of this, we are impelled to note that the burden in the first instance is upon the one seeking continued placement to show the mother's present inability to care for the children and that continued placement would be in the best interests of the children (cf. *Matter of Carmen,* 37 A D 2d 629). The burden is not upon the mother to show that the children should be returned to her. We also note with disapproval the fact that the Family Court admitted into evidence a letter from a psychiatrist relating to

the condition of one of the children. Although such evidence is admissible under subdivision (c) of section 1046 of the Family Court Act, it is our opinion that it was an improvident exercise of discretion to admit this letter without first ascertaining that the psychiatrist was unavailable to testify personally. However, because the record discloses that the court placed little weight, if any, upon this letter in arriving at its determination, because the record contains other evidence supporting the determination, and because the period of continued placement is almost at an end, thus requiring another hearing if placement is to be further extended, we are of the opinion that this error does not warrant reversal. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.