Richard M. Palmer, J.
The court has before it applications on Miscellaneous Form No. 3 for extension of placement of the two children, Yolanda born on March 9, 1967 and Preston born on March 21, 1970 The applications have been submitted by Special Services for Children, Division of Inter-Agency Relationships, of the Department of Social Services of the City of New York.
The applications state that the children were placed in the custody of the agency on September 1, 1971 and the placements expire on May 17,1973. (The endorsements show only a remand status to Nov. 17,1971.)
Instead of giving any name and address in the blanks on Miscellaneous Form No. 3 for “ Parents or Guardians ” and their current address, the applications recite “ Surrendered 4-19-73 ”. There is no carbon copy of the notice to the parent of the date of the hearing on the application as is usually attached to such applications.
The text of the applications recites that the mother surrendered the children on April 19,1973 and that each child was put on adoptive referral. They go on to state, before requesting extension of placement for 12 additional months: “ Since the foster parents do no want to adopt with subsidy, Sheltering Arms Children’s Service is presently looking for an adoptive home for Yolanda (Preston)”.
The authority of the court to place neglected children out of the custody of their parents and to extend placement is found in subdivision (b) of section 1055 of the Family Court Act.
*886 The purpose of child neglect proceedings is to protect children. On a finding of neglect the court has the power to place a neglectful parent under court supervision or on probation and the power to make an order of protection. The court also has the more drastic power of removing the child and placing it in the custody of a relative or other suitable person or of a Commissioner of Social Services or some other authorized agency for up to 18 months, with the power to extend for additional periods of one year each. However, the general rule that a parent has a superior right to custody over all other persons, with the burden of proof being on the one who would divest the parent of custody, applies in neglect proceedings as well as in custody proceedings. (See Matter of Darlene T., 28 N Y 2d 391, 394 [1971]; cf. People ex rel. Kropp v. Shepsky, 305 N. Y. 465 [1953].)
Placement of a child out of the custody of a neglectful parent is only temporary<" It has been held that the court may not-move to free a child for adoption by others and permanently cut off the rights of a parent in a neglect proceeding. See Matter of Arroyo (37 A D 2d 531 [1st Dept., 1971], app. withdrawn 29 N Y 2d 747) which apparently disapproved of the position taken by the court below in Matter of Efrain C. (63 Misc 2d 1019 [Family Ct., N. Y. County, 1970]).
The Family Court may not extend placement of a neglected child unless there is a showing of present inability of the parent to care for the child and that continued placement is in its best interests. (See Matter of Kenneth G., 39 A D 2d 709 [2d Dept., 1972] and Matter of Cynthia B., 39 A D 2d 941 [2d Dept., 1972].)
When the parent has surrendered custody pursuant to section 384 of the Social Services Law, the Commissioner of Social Services acquires custody and guardianship and the fitness of the parent to have custody of the child becomes irrelevant. There is thus no longer any basis for neglect proceedings, as their purpose is to protect a child from a parent.
In this connection it is noted that it has been held that the Family Court has no jurisdiction to inquire into the care of a child in the custody of a Commissioner of Social Services by means of a neglect proceeding. (See Matter of Yvette B., 61 Misc 2d 20 [Family Ct., Bronx County, 1969]; Matter of Arlene D., 70 Misc 2d 953, 959 [Family Ct., Richmond County, 1972]; cf. Usen v. Sipprell, 41 A D 2d 251 [4th Dept., 1973].)
In the light of the above analysis of neglect proceedings, it is decided that the applications for extension of placement must be *887 denied. In the future the status of the children may he reviewed under section 392 of the Social Services Law, hut it is to he. hoped that they will have been placed for adoption and will no longer be in foster care by the time their cases are reviewable.
A final point is to be considered. It may be that, upon becoming children in foster care pursuant to parental surrender rather than pursuant to court placement, the children in this proceeding will no longer be “ dependent ” children for AFDC Federal reimbursement under the Social Security Act. See section 608 of title 42 of the United States Code; but note proposed section 221.9 (subd. [b], par. [8]) of title 45 of the Code of Federal Regulations (in 38 Fed. Reg. 10782, 10785). Counsel for the Commissioner of Social Services may have an opportunity to submit a form of order with wording designed to continue the children as eligible for Federal aid while denying the extension of placement.
The court notes parenthetically that, after September 1, 1973 and “ So long as federal aid is available ”, the placement of children in foster care pursuant to a surrender instrument will apparently be subject to review in the Family Court by petition filed within 30 days of the surrender. This will be required by section 358:a of the Social Services Law as enacted by chapter 996 of the Laws of 1973 (if the new law is so interpreted).
The applications for extension of placement are denied.