Luis San **MIGUEL**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 7523.**

Court of Civil Appeals of Texas,
Beaumont.

Oct. 11, 1973.

Charles H. Jackson III, San Antonio, for appellant.

Michael P. Hodge, Asst. Dist. Atty., San Antonio, for appellee.

KEITH, Justice.

Appellant was adjudged a juvenile delinquent and placed upon probation in the custody of his parents. The original petition alleged that he was "a child over the age of 10 years and under the age of 17 years, born June 14, 1959"; but there is no proof of any nature whatsoever in the record substantiating the allegations. Appellant took the stand in his defense and testified at length but no one asked him how old he was and no other proof was offered tending to show his age. Notwithstanding the complete lack of evidence, the judgment recited that he was "13 years of age, born June 14, 1959."

The judgment is attacked because (1) there was no evidence introduced which would "bring Appellant within the definition of 'child' in Art. 2338–1 § 3 Vernon's Ann.Civ.St."; and (2) there was no evidence establishing jurisdiction in the trial court. It is obvious from a review of the record that the failure to make proof of age was a mere omission on the part of counsel; and, we note, the question is raised for the first time upon appeal.

The juvenile court is one of limited jurisdiction, and it is confined to those persons "over the age of ten years and under the age of seventeen years." Art. 2338–1, § 3, V.A.C.S., as construed in Ex parte Matthews, 488 S.W.2d 434, 439 (Tex.Cr. App.1973). In one of the earlier cases on the subject, Steed v. State, 143 Tex. 82, 183 S.W.2d 458, 459–460 (1944), Judge Sharp, speaking for the Court, said:

"It will be noted that there are two elements, both of which must be present, which are necessary before a person is a delinquent child. First, he or she must be within the age limits set by Section 3 of the Act, and second, he or she must have committed one of the enumerated acts."

The judgment in *Steed* was reversed because the judgment did not set out the date of birth of the juvenile; and, more importantly, the trial court could not correct the error "because there was no testimony, *as reflected by this record,* introduced before the trial court from which such information could be ascertained." (183 S.W.2d at 460, emphasis supplied)

In Carrillo v. State, 480 S.W.2d 612, 618 (Tex.1972), it was said: "When he [the juvenile] became 17, the juvenile court lost jurisdiction to determine him to be a juvenile delinquent." The controlling factor as to the respective powers of the district and juvenile courts is the age of the accused *at the time of the trial.* Hight v. State, 483 S.W.2d 256, 257 (Tex.1972). Thus, as was said in Villarreal v. State, 495 S.W.2d 28, 30 (Tex.Civ.App., Corpus Christi, 1973, no writ), the age of the accused was one of the "jurisdictional facts" and not part of the operative facts that allege delinquency.

The State's petition contained the necessary jurisdictional allegations; but, the juvenile court being one of limited jurisdiction, the allegation as to the age of the accused must be proved upon the hearing in order to show jurisdiction in the court. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089 (1926); Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 638 (1928). Being an inferior court, as distinguished from a court of general jurisdiction, there are no presumptions as to the proper exercise of jurisdiction. Geffert v. Yorktown Independent School Dist., 290 S.W. 1083, 1085 (Tex.Comm.App.1927).

More than a century ago, in Withers v. Patterson, 27 Tex. 491, 495 (1864), the Court wrote:

"The jurisdiction of the court means the power or authority which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect. It is a plain proposition, that a court has no power to do anything which is not authorized by law.

\*　　\*　　\*　　\*　　\*　　\*

[p. 497] "[T]he court only exercises its jurisdiction when the facts exist which authorize it to do the thing in question. And the question whether the jurisdiction of a court has been exercised or not, is solved by ascertaining whether or not the facts existed which authorized the court to act as it did."

Thus, in order for the juvenile court to have jurisdiction of our appellant, it was incumbent upon the State to allege *and* prove that appellant was within the age limits of its statutory jurisdiction. Such proof is wholly lacking in our record.

Contrary to the assertion of State's counsel, appellant did not waive the error by failing to point it out to the trial court. This was a non-jury case tried to the court and appellant was not required to file a motion for new trial under Rule 324, Rules of Civil Procedure. Boswell v. Handley, 397 S.W.2d 213, 217 (Tex.1965). The points are properly preserved in the appellant's brief and we have no alternative but to sustain both points.

There being error in the record, the judgment of the trial court is reversed and the cause is remanded. Steed v. State, supra (183 S.W.2d at 459).

Reversed and remanded.