Theodore Daohenhausen, Jr., J.
Petitioner in this proceeding is the father of four children who reside with their parents as an intact family unit receiving a partial public assistance grant from Westchester County, to cover food, clothing and incidentals, but nothing for rent. Respondents are the Commissioner of Social Services of Westchester County and other officials who, while acting within their official capacity in the Westchester County Department of Social Services, are alleged to be responsible for the neglect of petitioner’s children by denying petitioner that portion of a public assistance budget allocable for shelter, resulting in petitioner’s children having to sleep on mattresses on a hard floor in the same room with their parents, thereby sustaining physical, mental and emotional harm.
By reason of the parents and children having to continue residing with another family in a two-and-a-half-room apartment, it is alleged that the children are not receiving adequate shelter and that their education is being interfered with. Petitioner, therefore, seeks a judicial determination that the actions of respondents are causing the neglect of his children and requests an order of this court directing respondents to provide whatever funds are necessary to secure proper living quarters.
Respondents’ attorney has moved to dismiss the petition upon the grounds that the named respondents are neither the *988 parent nor within the statutory definition of “ person legally responsible ” for the care of the children alleged to have been neglected.
Family Court has exclusive original jurisdiction over abuse and neglect proceedings. (Family Ct. Act, § 115, subd. [a] par. [i].) Although a court of record, it is a court whose jurisdiction is limited to powers set forth in the Constitution of the State of New York. (N. Y. Const., art. VI, i§ 13.) In its action, Family Court is confined to the powers granted to it by the precise language of this section (Matter of Burns v. Burns, 53 Misc 2d 484) and of the statute which created it (Graham v. Graham, 43 Misc 2d 89). Its jurisdiction will never be presumed, and the facts necessary to confer jurisdiction in any particular case must affirmatively appear in the record (Matter of Gardner v. Domestic Relations Ct., 184 Misc. 44, 46, citing People v. Smith, 266 App. Div. 57, 60).
Article 10 of the Family Court Act, entitled “ Child Protective Proceedings ’ ’, deals with child neglect proceedings. Section 1012 (subd. [a]) states: “ ‘ Respondent ’ includes any parent or other person legally responsible for a child’s care who is alleged to have abused or neglected such child.”
In amplification of the foregoing, subdivision (g) of section 1012 of the Family Court Act states: “ ‘ Person legally responsible ’ includes the child’s custodian, guardian, any other person responsible for the child’s care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child.”
In Matter of Yvette R. (61 Misc 2d 20, 21-22) involving a similar neglect proceeding as here, the court observed that:
“ There can be no doubt that the framers of the legislation establishing the Family Court did not intend that the Commissioner of Social Services be amenable to this court in child neglect proceedings. The Report of the Joint Legislative Committee on Court Reorganization (Report No. 2, January 30, 1962, pp. 13-14) under the paragraph heading ‘ Scope of [neglect] proceedings’ states:
“ ‘ The Social Welfare Law defines the responsibilities of public welfare officials “ to provide adequately for those unable to maintain themselves.” It also defines the responsibility of public and duly authorized agencies for the care and protection of children. By way of contrast, the law governing neglect proceedings and thus the role of the new Family Court is limited *989 to cases in which children are “ neglected ”, in a legal sense, by their parents or others legally responsible for their care.
11 1 The Committee found that all interested persons agreed that parents “ neglect ” their children (in a legal sense) when they fail adequately to supply them with food, clothing, shelter, education, or medical or surgical care “ though financially able or offered financial means to do so.” They agreed that if parents were not financially able nor offered financial means to care for their children, the problem should be dealt with administratively under the Social Welfare Law rather than judicially under the Family Court Act.’
“ The Joint Legislative Committee’s Comments on Section 312 of the Family Court Act clearly set forth the basic legislative pattern and rationale in relation to neglect proceedings and demonstrate its inapplicability to the Commissioner of Social Services. The Comments which follow Section 312 of the Family Court Act state:1 1. Relation to Social Welfare Law. Articles 5 and 6 of the Social Welfare Law define the responsibilities of public welfare officials “ to provide adequately for those unable to maintain themselves ” (Section 131) and of public and authorized agencies for care and protection of children. These responsibilities are not limited to cases of neglect. By way of contrast, this section limits the responsibility of the Family Court to cases in which parents or other responsible persons fail, though financially able or offered financial means, adequately to supply a child with food, clothing, shelter, education, or medical or surgical care or abandon or desert him.’
“ Against this background, the court concludes that a ‘ person legally responsible ’ under section 312 of the Family Court Act is limited to a parent, relative, guardian or one standing in loco parentis and not the Commissioner of Social Services. Thus, while the said Commissioner has a duty under the Social Services Law and Education Law to furnish care and assistance to indigent children, this is not tantamount to saying that he is responsible for the neglect of children under article 3 of the Family Court Act (Matter of Maynard v. Shanker, 59 Misc 2d 55).”
There is no discernible change in legislative intent in the new article 10 of the Family Court Act, for child protective proceedings (§§ 1011, 1012) which has replaced former article 3. The expressed intent of the Legislature in the present statute is to limit negect cases to natural persons, such as, parents, relatives, guardians or other natural persons legally responsible for the care of the child. (Matter of Arlene D., 70 Misc 2d 953, 961.)
*990 In view of the foregoing, respondents ’ motion to dismiss the petition which alleges that the persons legally responsible for the care of said children are petitioner and his wife, is hereby granted.