■ CHEMICAL BANK, Appellant, v MICHAEL PANAYOTOPULOS, Respondent.—Order, Supreme Court, New York County, entered February 13, 1976, modified, on the law, to strike the defense of an oral agreement extending the due date of the note in suit, and to grant partial summary judgment to the plaintiff-appellant for $90,000, and to sever the causes of action for

interest and attorney's fees, and to remand the latter causes for trial, and otherwise to affirm, with $60 costs and disbursements to appellant. Suit is upon a promissory note, interest thereon, and attorney's fees. The motion by plaintiff-appellant is to strike defenses and to grant summary judgment; it was denied, Special Term finding triable issues of fact requiring a plenary hearing. Issues of fact did arise before Special Term in respect of the cause for interest; the note bears an interest clause, written in a hand and ink different from the rest of the note, all of which lends sufficient color to the denial of the terms of interest to require resolution. And the cause for attorney's fees is also disputed. Whether defendant-respondent has abandoned his case or perhaps even disappeared, as noted in the dissent, is of no moment. We are bound by the record as made below, and due process requires proof of the questioned allegations even on inquest. But these two causes are severable and should not stand in the way of the main cause. Actually, plaintiff realistically offers to forego the outstanding three months' interest to the end of securing summary disposition of the more important claim. The alleged oral extension agreement, said to be tied to the marketability of the collateral for the loan, may not be advanced in defense against the note. *(Mount Vernon Trust Co. v Bergoff,* 272 NY 192; cf. *Manufacturers Hanover Trust Co. v Trans Nat. Communications,* 36 AD2d 709.) Partial summary judgment for the note's face value is indicated. Concur—Stevens, P. J., Markewich, Birns and Lane, JJ.; Kupferman, J., dissents in part in the following memorandum: I would reverse and grant the motion for summary judgment in full. There is no real issue of fact with respect to the payment of interest on the loan. The note which evidenced the loan was merely a renewal of some five prior notes. There has been no brief submitted for the defendant-respondent on this appeal, and his previous counsel advises us that he no longer represents him. Further, even on the showing made by the defendant, the time for the repayment of the note, under his version, would have long since expired. This matter should be disposed of in full, and the severance serves no useful purpose.