■ CHEMICAL BANK, Appellant, v NATTIN REALTY, INC., et al., Respondents.—Order of the Supreme Court, New York County, entered November 15, 1976, denying plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with $60 costs and disbursements of this appeal payable to appellant by respondent, and summary judgment granted for the sum of $506,320, together with interest at the legal rate from the commencement of this action and an assessment of plaintiff's reasonable attorney's fees directed. In this action to recover $506,320 the balance due on a $520,000 loan evidenced by a promissory note and on a written guarantee thereof, together with interest and attorney's fees, defendants acknowledge that plaintiff's assignor loaned $520,000 to defendant Nattin. Defendants contend, however, that the loan is not yet due and owing and the guarantee not yet effective, by reason of breach by plaintiff's assignor of an alleged oral commitment made on March 4, 1974 in which plaintiff's assignor agreed to lend a total of $1 million to defendant Nattin upon said defendant's request (of which the $520,000 loaned was a part), to be repaid in September, 1979 but repayable earlier by defendant Nattin from sales, if any, of said defendant's real property and payments to be received on mortgages assigned by said defendant to plaintiff's assignor. Plaintiff's contention is valid that the explicit provisions in the guarantee executed by defendants Gordon and Bodner and in the general loan and security agreement executed by defendant Nattin preclude the assertion of a defense and counterclaim based upon an alleged executory condition precedent. In addition to the note, the general loan and security agreement of defendant Nattin obligated it to repay the loan. The guarantee by defendants Gordon and Bodner of repayment was absolute and unconditional. Parol evidence is inadmissible to prove the alleged condition precedent to the effectiveness of the note, guarantee, and general loan and security agreement, or any of them, as the alleged condition precedent would contradict the express terms of the guarantee and the general loan and security agreement that "No executory agreement unless in writing and signed by Bank" and "no course of dealing" between defendants and plaintiff's assignor "shall be effective to change or modify * * * in whole or in part" each such agreement. (*Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287; cf. *Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493, 494.) Additionally, faced with the specific proscriptive language contained in the guarantee and general loan and security agreement, parol evidence is inadmissible to challenge or restrict the authority of plaintiff's assignor to complete the note and guarantee, each signed in blank and delivered to plaintiff's assignor (*Manufacturers Hanover Trust Co. v Trans Nat. Communications,* 39 AD2d 709, affd on other grounds 29 NY2d 919; see, also, General Obligations Law, § 15-301). Authority to complete the note and instrument of guarantee was implicit where, as here, the proceeds of the note were accepted by the obligor (*First Nat. City Bank v Cooper,* 50 AD2d 518). Further, plaintiff's concession to waive any claim for interest exceeding the legal rate is acceptable to expedite summary disposition of this matter (*Chemical Bank v Panayotopulos,* 54 AD2d 850). Finally, while the terms of the note provide for an attorney's fee of 15% of principal and interest due and the guarantee provides for an attorney's fee of 20% of such principal and interest, reasonable attorney's fees are to be determined by the court (*Matter of Bernheimer,* 61 AD2d 761). It is unnecessary to consider plaintiff's other contention that the Statute of Frauds precludes the assertion of a defense and counterclaim alleging breach of the oral agree-

ment. Settle order on notice. Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.