OPINION OF THE COURT
Edward J. McLaughlin, J.
Age is a jurisdictional fact in a juvenile delinquency proceeding and the burden of proving that the respondent falls within the age group over which the court has jurisdiction rests with the prosecution. The respondent’s motion to dismiss for failure of proof is granted.
FACTS
Both respondents come before the court on allegations that they committed an act which if committed by persons who had reached their 16th birthday would have been a crime. Also the petition alleges that the crime in which the respondents were allegedly involved would be assault in the first degree, which is one of the crimes enumerated as a designated felony. (Family Ct Act, § 712, subd [h].) Moreover, the victim was over 62 years of age. Thus, the age of the respondent was a critical factor not only to the court’s jurisdiction, but also to *997 the placement of the respondents, if indeed they were found to have committed the act alleged. (Family Ct Act, § 753-a, subd 2-a.)
The juvenile delinquency petitions filed against the respondents alleged upon information and belief that one of the respondents was 8 years old and that the other one of the respondents was 10 years old. Both of the respondents are physically tiny persons. It was impossible for the court to determine the age of the respondents by personal inspection. (CPLR 4516.) In fact, one of the respondents was so small that he might well have been under seven years of age and, thus, completely outside of the court’s jurisdiction. On the other hand, it is possible that the other one of the respondents could have been a very small 13 year old and, therefore, subject to restrictive placement pursuant to section 753-a of the Family Court Act. The court was unable to determine his age from his appearance.
At the fact-finding hearing, two witnesses testified, the victim and his adult son. The victim testified that some time after 5:30 p.m. on September 7, 1978, he heard rocks strike the side of his house. Such an event had occurred previously and he testified that he knew that the persons who were responsible for those past acts lived across the street from him. Accordingly, he armed himself with a stick and proceeded to go across the street to a green house. The green house was the home of the two respondents. As he approached the house, the witness testified that sticks were thrown at him. While he was attempting to knock on the door, one of the respondents approached him shaking a stick. Fearful of being hit with the stick, the victim left the porch, intending to return to his own home. At that point he struck one of the respondents, it was not clear which one, on the "backside”. Two or three seconds later the other respondent spoke to him and said to him: "You hit my brother.” This respondent then struck the witness in the arm with a broom or shovel handle. The witness testified that he then fell to the ground and the same respondent struck him in the eye with a metal tipped stick which caused his eye to be enucleated. As a result, the victim has lost the sight of his left eye.
The second witness, the victim’s adult son, testified that he was present in his father’s house on September 7, 1978, and that he saw his father go to the green house across the street. He said that as his father was leaving the house he was *998 struck with a shovel, but this witness did not know who struck his father. He went to assist his father and, in the ensuing melee, he saw the other respondent (not the one his father testified had committed the act) strike his father in the eye with a stick with a nail.
At the close of the testimony there was a stipulation entered into by both parties that the loss of the left eye was a serious physical injury. (Penal Law, § 10.00, subd 10.) At the end of the stipulation the petitioner rested, and the respondent made a motion to dismiss on failure of proof.
LAW
The issue now before the court, the proof of the age of an alleged juvenile delinquent, is more subtle than it might at first appear. "The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute”. (Borkowski v Borkowski, 38 AD2d 752, 753.) "Its jurisdiction will never be presumed”. (Matter of Children, 76 Misc 2d 987, 988.) It has exclusive original jurisdiction over any proceeding involving a person alleged to be a juvenile delinquent. (Family Ct Act, § 713.) "In determining the jurisdiction of the court * * * the age of the respondent at the time the delinquent act allegedly was done * * * is controlling”. (Family Ct Act, § 714.)
A juvenile delinquent is defined in the Family Court Act as "[a] person over seven and less than sixteen years of age who, having done an act that would constitute a crime * * * is not criminally responsible for such conduct by reason of infancy”. (Family Ct Act, § 712, subd [a].) A designated felony act is an enumerated offense, assault in the first degree is among those offenses enumerated, committed by a person 13, 14 or 15 years of age. (Family Ct Act, § 712, subd [h].)
"The legislature has the power to fix the age of criminal responsibility, and in order to justify a proceeding against an offender as a delinquent, he must fall within the classification as to age prescribed by statute.” (43 CJS, Infants, § 43.) "Since * * * the statutes uniformly make juvenile * * * [delinquent] jurisdiction depend upon the accused’s being of or under a designated age, questions arise as to the proper manner of, and forum for, determination of the age of the alleged offender. The cases in which problems of this kind have been considered are of so miscellaneous a nature as to preclude the formulation of any general principles”. (48 ALR2d 663, 700.)
*999 For instance, one Family Court in New York State has ruled that "[t]he failure of the respondent [who was represented by counsel] to raise any [jurisdictional] objection was a tacit admission as to the fact that he was under the age of 16 at the time of the occurrence of the act.” (Matter of Don R. B., 66 Misc 2d 279, 283.) A commentary on this decision noted that "[w]hile it is not unusual to see, in civil law, the allocation of the burden of pleading placed on one party and the allocation of the burden of proof placed on the other, it is certainly most unusual to find such a dichotomy in regard to an issue going to the jurisdiction of the court to hear a case.” (Ellison and Occhialino, Family Law, 23 Syr L Rev 675, 693.)
A more well-reasoned approach to the problem of the determination of age for jurisdictional purposes was taken by the Texas Court of Civil Appeals in the case of Miguel v State of Texas (500 SW2d 680). There the court held that in order for the juvenile court to have jurisdiction over an alleged juvenile delinquent, "it was incumbent upon the State to allege and prove that appellant was within the age limits of its statutory jurisdiction.” (500 SW2d, at p 681; accord Matter of J. T, 526 SW2d 646 [Tex].) In Miguel (supra) the court noted that while "the State’s petition contained the necessary jurisdictional allegations * * * the juvenile court being one of limited jurisdiction, the allegation as to the age of the accused must be proved upon the hearing in order to show jurisdiction * * * Being an inferior court, as distinguished from a court of general jurisdiction, there are no presumptions as to the proper exercise of jurisdiction.” (500 SW2d, at p 681; cf. Lacks v Lacks, 41 NY2d 71; Thrasher v United States Liab. Ins. Co., 19 NY2d 159.)
With regard to establishing jurisdiction, an analogy may be made between the Family Court and the Federal District Courts. Both are courts of limited jurisdiction, unlike this State’s Supreme Court. (See 1 Moore, Fed Prac [2d ed], par 0.60 [3].) Since Federal District Courts are courts of limited jurisdiction, "there is no presumption in favor of subject matter jurisdiction. It follows, therefore, that a party who invokes the district court’s jurisdiction for the first time must clearly show that his action is within the court’s jurisdiction * * * and if jurisdiction is properly challenged, the party invoking jurisdiction has the burden of establishing the matter.” (2A Moore, Fed Prac [2d ed], par 8.07 [1]; accord Jemzura v Belden, 281 F Supp 200.)
*1000 Analytical confusion is created in a juvenile proceeding when age as a jurisdictional fact is not distinguished from infancy as a defense under the criminal law. (Penal Law, § 30.00; see, e.g., People v Eric T., 89 Misc 2d 678.) Further, the common-law presumption of lack of capacity owing to immaturity must also be distinguished from age as a jurisdictional fact. (See, e.g., Matter of Andrew M., 91 Misc 2d 813; Commonwealth v Durham, 389 A2d 108 [Pa].)
Also to be distinguished is age as an element of an offense, as, for instance, age as an element of a sex offense. (See Penal Law, §§ 130.05, 130.25, 130.30, 130.35, 130.40, 130.45, 130.50, 130.55, 130.60, 130.65.) Recently, in a sex offense case, an appellate court found that the testimony of a young woman that she was 16 at the time of the incident, together with a certificate of birth registration, was sufficient to corroborate her age as the complaining witness. (People v Brown, 66 AD2d 223, 225.)
A birth certificate could be offered to establish the age of the respondent in a juvenile proceeding in which age constitutes the basis of the court’s jurisdiction rather than being merely an element of the offense allegedly committed. At the least, testimony could be offered as to the age the child appeared to be. Only averring the age of the respondent leaves the prosecution subject to the dismissal of the petition.
Accordingly, this court holds that in a proceeding under article 7 of the Family Court Act, the burden of alleging and proving the age of the respondent is upon the prosecution. Failure to prove the age of the respondent may result, as in the subject case, in a dismissal for lack of jurisdiction.
Respondent’s motion to dismiss the petition for failure of proof is granted. (See Matter of Roger W., 61 AD2d 884.)