■ NEW ENGLAND INDUSTRIES, INC., Respondent, v ALBATROSS TANKER CORP., Appellant. — Order, Supreme Court, New York County (Williams, J.), entered June 2, 1981, denying the defendant's motion for summary judgment, affirmed, with costs. Plaintiff seeks to recover accumulated interest of $1,426,341.92 that is purportedly due on the principal amount of a note made to its order by the defendant, its former subsidiary. The note, upon its face, states that the defendant promises to pay the plaintiff, for value received, the sum of $656,375.35 with interest at the prime rate. However, the face of the note, toward the bottom, contains the following provision: "This is a conditional non-negotiable promissory note subject to the conditions on the reverse side hereof." The reverse side of the note contains the following relevant language: "and the maker shall repay only such sums as shall actually have been advanced or paid by the payee to the maker, together with interest from the date of any such advance or payment, pursuant to a series of thirteen demand promissory notes from the payee to the maker herein dated December 7, 1959 at the prime rate from the date of any such advance of payment by the payee herein." Initially, the subject note reads as an unconditional promise by the defendant to pay $656,375.35 with interest at the prime rate. Later, it reads as a conditional promise by the defendant to repay those sums actually advanced together with interest. In order to reconcile these seemingly conflicting provisions in the note, each side has submitted attorneys' affidavits attempting to explain a complex financial arrangement made in 1959, pursuant to which the defendant purchased a ship. Since the parties' attorneys were not present at the negotiations in 1959, their affidavits are of no probative value as to the proper construction to be given to the ambiguous terms in this note. In any event, even if the attorneys' affidavits are considered upon the merits, questions of fact arise as to the proper construction of the subject note. The defendant's attorney states that the defendant made this note in return for the 13 notes, in the same total amount, given by plaintiff to increase the defendant's working capital. She maintains that the exchange of notes resulted in a mere paper transaction. Therefore, it is contended that the plaintiff is not entitled to any interest on the principal sum. On the other hand, plaintiff's attorney states that the exchange of notes was more than a paper transaction. He avers that the exchange actually increased the defendant's working capital and reduced plaintiff's working capital because this note was subordinated to a mortgage loan made by Penn Mutual to the defendant. The attorney also stresses that the plaintiff acted to its financial detriment by keeping $722,012.88 of stock in escrow as part of the purchase arrangement. He further emphasizes that the 13 notes given to the defendant did not bear interest while the subject note did bear interest. Under his construction of the note, the plaintiff would be entitled to (i) interest on the principal of $656,375.35, (ii) any additional interest due on sums actually advanced, and

(iii) the repayment of the sums actually advanced. In passing, it should be observed that there is a dispute between counsel as to whether $100,000 was actually advanced under the first two notes made by plaintiff to the defendant's order. However, the plaintiff does not seek in this action to recover that sum or the interest thereon. Summarizing, the ambiguous terms in the note are in no way resolved by the hearsay affidavits of counsel. The proper construction of the note must be left for trial (cf. *Chemical Bank v Panayotopulos,* 54 AD2d 850; cf. *Craft Roofing Corp. v Di-Com Corp.,* 57 AD2d 826; cf. *Citibank, N.A. v Dutka,* 74 AD2d 520, app dsmd 50 NY2d 928). Concur — Murphy, P. J., Birns, Ross and Lupiano, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant defendant's motion for summary judgment. There is no issue of fact. It is simply a question of the interpretation of a written instrument, which in my view scarcely requires interpretation. Plaintiff is suing for interest on a 1959 promissory note. That note provides on its face for an amount of principal with interest at prime rate. It goes on to state on the face that "[t]his is a conditional non-negotiable promissory note, subject to the conditions on the reverse side hereof." On the reverse side the note provides, among other things, "the maker shall repay only such sums as shall actually have been advanced or paid by the payee to the maker, *together with interest from the date of any such advance or payment,* pursuant to a series of thirteen demand promissory notes from the payee to the maker herein dated December 7, 1959 at the prime rate *from the date of any such advance or payment* by the payee herein." (Italics mine.) It is undisputed that no sums were ever advanced under the note sued on or the 13 notes referred to. Plaintiff does not claim that defendant had any unconditional obligation, or, as it turned out, any obligation to "repay" principal. But plaintiff claims interest. In essence plaintiff says that this "interest" was in the nature of a commitment or stand-by fee. If so, the word interest is an extraordinarily inappropriate term. The usual meaning of interest is as compensation for the use or loan of a principal sum of money. An obligation to pay "interest" when no one has an obligation to pay principal is a legal anomaly. Further, the note provides for interest at the "prime rate." The prime rate is the rate that banks charge for money actually advanced. It cannot be that that is also the rate to be paid when money was not advanced, and surely it cannot be that plaintiff was entitled to two "interests" at the prime rate, one interest at the prime rate for 20 or so years without advancing any money, and again true interest at the prime rate on money actually advanced, if any be advanced. But the decisive consideration, in the end as in the beginning, is the word — the language we are interpreting. That language plainly says that interest shall be payable only from the date of any advance or payment. There was no advance or payment. Therefore, there is no interest.