■ In the Matter of SUNSHINE A. Y., an Abused and Neglected Child. COMMISSIONER OF SOCIAL SERVICES OF WESTCHESTER COUNTY, Appellant; ISETTA Y., Respondent; ANDREW H. VACHSS, as Law Guardian, Appellant. — In a proceeding pursuant to article 10 of the Family Court Act to extend the placement of an abused and neglected child, the Law Guardian and the Commissioner of the Westchester County Department of Social Services appeal from an order of the Family Court, Westchester County (Harris, J.), dated December 29, 1981, which denied the petition to extend placement of the child in a foster care home, and directed the return of the child to his mother. Order affirmed, without costs or disbursements. We find that the denial of the petition was in the best interests of the child and, thus, was a proper exercise of the court's discretion. We note, initially, that contrary to the specific statutory mandate of subdivision (b) of section 1052 of the Family Court Act, the Family Court failed to set forth the grounds for denying the petition. Notwithstanding the court's failure to satisfy its obligation, we need not remand the matter to the Family Court since our own examination of the record reveals that the evidence is insufficient to support a conclusion that the child's mother (the respondent) will neglect her child and is sufficient to support the order under review (see *Matter of Jose L. I.,* 46 NY2d 1024). The appellant commissioner has the burden of showing the mother's present inability to care for her child and that continued placement in a foster home would be in the child's best interests (see *Matter of Kenneth G.,* 39 AD2d 709). The Family Court may not extend placement of a neglected child unless such a showing is made (*Matter of Yolanda C.,* 74 Misc 2d 884, 886). While we acknowledge the uncontradicted testimony that the child is well provided for by his foster family, there is no substantive evidence on the record indicating that the mother will not care for the child. She herself did not inflict the physical abuse upon the child which caused him to be placed in the foster home, and she was not adjudged guilty of abuse. The original adjudication of neglect against the mother was predicated upon a finding that she failed to take any action when the child's father took him from her, although she knew that the father had violent tendencies. The record reveals that the mother has obtained an order of protection against the father and has not seen him in two years. She indicated that if he returned she would call her family and the police. Furthermore, there was no evidence presented at the hearing to indicate that the father will return. Additionally, the appellants' conclusory statements that the mother is as equally submissive

to her present male companion as she was to the child's father, and thus the possibility remains that a similar situation could occur, are unsupported by the record. If anything, the contrary was shown to be true by the number of times that the companion accompanied her on her visits to the child. Lastly, agency officials do not dispute the fact that the mother's home is adequate for the care of the child. Admittedly there was a degree of conflict in the evidence presented at the hearing. Nevertheless, in all proceedings of this nature due deference must be accorded to the trial court which has seen and evaluated the evidence first hand (*Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). We find no basis to overturn the Family Court's determination. This is especially so in light of the statutory standard that an extension of placement is within the discretion of the court (Family Ct Act, § 1055, subd [b]), and in light of the generally accepted view that " 'a child's best interest [is to be] raised by its parent unless the parent is disqualified by gross misconduct' " (*Matter of Dickson v Lascaris,* 53 NY2d 204, 208). Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.