■ In the Matter of JOANN GRELLER, Appellant, v SHANDELL B., Respondent.—In a proceeding pursuant to Family Court Act article 7 to declare the respondent a person in need of supervision, the petitioner appeals from an order of the Family Court, Dutchess County (Marlow, J.), entered February 9, 1989, which dismissed the petition without prejudice on the ground that the respondent's age was not established.

Ordered that the order is reversed, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

During the course of the fact-finding hearing (see, Family Ct Act § 744) in the instant matter, the respondent's school attendance records were received into evidence primarily for the purpose of establishing the respondent's truancy. However, upon the motion of the Law Guardian on behalf of the respondent to dismiss the petition for failure to establish that the respondent was less than 16 years of age at the time of the incident, the court permitted the County Attorney to recall the school attendance officer and to attempt to establish, through her testimony and the attendance records, the respondent's age. At the conclusion of this witness's testi-

mony, the respondent's motion was renewed and the court granted the application and dismissed the petition for the petitioner's failure to prove the age of the respondent.

The petitioner is appealing from the dismissal of the petition, arguing, *inter alia,* that it was not necessary for her to adduce evidence of the respondent's age at the fact-finding hearing, notwithstanding the respondent's general denial of the allegations of the petition. We hold otherwise.

The Family Court is a court of limited jurisdiction (NY Const, art VI, § 13; *see also,* Family Ct Act § 115 [a] [v]; § 713; *Matter of Borkowski v Borkowski,* 38 AD2d 752, 753), and as such, "[i]ts jurisdiction will never be presumed, and the facts necessary to confer jurisdiction in any particular case must affirmatively appear in the record" *(Matter of Children,* 76 Misc 2d 987, 988). The respondent's general denial was sufficient to require the petitioner to prove each and every element of her case, including the jurisdictional fact of the respondent's age *(see, Matter of Smith,* 108 Misc 2d 1063). However, upon our review of the record of the fact-finding hearing, we find that the petitioner did present sufficient proof of the respondent's age so as to defeat the motion to dismiss for failure to establish a prima facie case *(see, Price v Price,* 194 App Div 158). We remit the matter to the Family Court, Dutchess County, for completion of the hearing, including presentation by the Law Guardian of such rebuttal evidence as he or she deems advisable. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.