875 S.W.2d 402 (1994)
In the Matter of A.S., a Child.
No. 13-93-450-CV.
Court of Appeals of Texas, Corpus Christi.
March 24, 1994.
*403 J.R. Schneider, Jr., Schneider & McWilliams, P.C., George West, for appellant.
W.L. Hardwick, County Atty., George West, for appellee.
Before SEERDEN, C.J., and DORSEY and FEDERICO J. HINOJOSA, Jr., JJ.

OPINION
SEERDEN, Chief Justice.
This appeal results from an adjudication that appellant engaged in delinquent conduct. Appellant contends that he was not properly admonished as required by section 54.03 of the Texas Family Code, and that there was no evidence presented at the adjudication hearing to prove that he was within the juvenile court's jurisdiction. We reverse.

Factual Background
Pursuant to a jury trial, the appellant, A.S., was found to have engaged in delinquent conduct by injuring a child. At disposition, the court placed appellant on one-year probation committed to the custody and control of his parents, with provisions for educational and supervisory assistance. Appellant presents two points of error for our review. The State has made no reply.

Jurisdiction
We first address appellant's jurisdictional point. On appeal, as in his motion for directed verdict which was denied, appellant asserts that the State failed to offer any evidence that he was within the jurisdictional age of the court. The Texas Family Code, in section 51.02, defines "child" as: a person who is:
(A) ten years of age or older and under 17 years of age; or
(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.
Because the juvenile court is not one of general jurisdiction, its power to act is derived exclusively from the statutory grant of authority delineated in the Family Code. Accord In re J.T., 526 S.W.2d 646, 647 (Tex. Civ.App.El Paso 1975, no writ); Miguel v. State, 500 S.W.2d 680, 681 (Tex.Civ.App. Beaumont 1973, no writ). To invoke the juvenile court's jurisdiction, the State was required to not merely allege, but also prove that the appellant was within the age limits of the juvenile court's statutory grant of authority. See Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089 (1926). The record before us is totally devoid of such proof. We sustain appellant's jurisdictional point.
It is unnecessary to the disposition of this case to address appellant's other point of error. Tex.R.App.P. 90(a).
We hold that, without evidence of age, the court lacked the jurisdiction to adjudicate that appellant engaged in delinquent conduct. The judgment of the juvenile court is REVERSED and the cause is REMANDED to that court for further action consistent with this opinion.