■ In the Matter of IAN S. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CECELIA S. et al., Appellants. [661 NYS2d 376] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court abused its discretion in extending the foster care placement of respondents' children with petitioner, Erie County Department of Social Services (DSS). On May 2, 1996, based upon a finding of neglect, respondents' children were placed for 12 months in the care and custody of DSS for placement in foster care. By petition dated December 16, 1996, DSS sought to extend its supervision of the children for another 12 months but to have the children returned to respondents' care and custody. After a hearing, the court extended the children's placement until July 1, 1997 and ordered that "any release after July 1, 1997" include intensive services from DSS.

We conclude that the court should have returned the children to respondents' care and custody rather than extending their foster care placement (*see, Matter of Sunshine A. Y.*, 88 AD2d 662). "Family Court may not extend placement of a neglected child unless there is a showing of present inability of the parent to care for the child and that continued placement is in its best interests (*Matter of Sunshine A. Y.*, [*supra*]; *Matter of Yolanda C.*, 74 Misc 2d 884, 886; *see also, Matter of Cynthia B.*, 39 AD2d 941; *Matter of Kenneth G.*, 39 AD2d 709)" (*Matter of Nassar v Santmire*, 99 AD2d 377, 380). The unequivocal and uncontradicted testimony of the DSS caseworker and the counselor of respondents and the children established that respondents had the ability to care for the children and that the return of the children to their care and custody was in the children's best interests. The caseworker recommended that the children be returned to respondents' care and custody because respondents had satisfied the contract and plan for services they had entered into with DSS at the time of placement. The counselor testified that it would be detrimental to the older child to continue in foster care and that respondents had made sufficient progress on the issues that resulted in the neglect petition to warrant the return of the children to them. She recommended, however, that respondents and the children continue counseling.

We therefore modify the order by extending DSS's supervision of the children for a period of 12 months ending May 2, 1998, and returning the children to the care and custody of respondents. We affirm that portion of the order that directed the provision of specific services to respondents and the chil-

dren during the extended period of supervision. (Appeal from Order of Erie County Family Court, Mix, J.—Placement.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.