COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-013-CR
  2-02-014-CR
  2-02-015-CR
 
JOSHUA DAVID MARTINEZ                                                                             
APPELLANT
V.
THE STATE OF TEXAS                                                                                        
STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Joshua David Martinez, appellant, appeals from his guilty pleas to
three counts of aggravated robbery with a firearm. He argues that (1) the
juvenile court's order waiving jurisdiction is void on its face, nullifying the
juvenile court's transfer to a criminal district court, and (2) the trial court
abused its discretion in denying his motion for new trial based upon new
evidence establishing his innocence. We affirm.
I. Factual Background
A few days before appellant's seventeenth birthday he was charged with
three counts of aggravated robbery with a firearm.(2)
The State filed a motion requesting the causes transferred to the 371st
District Court of Tarrant County, which the juvenile court granted. Appellant
then pled guilty to all three counts and was sentenced to thirty years'
confinement on each count, to run concurrently. Appellant filed a motion for new
trial in each cause, and during the hearing, he denied his guilt in the three
robberies.
Appellant's cousin, Joe Tennison, also testified during the hearing.
Tennison, who was already serving time for his involvement with the robberies,
admitted that he was involved in the robberies, but denied any participation by
appellant. The trial court denied appellant's motion for new trial. Appellant
requested permission from the trial court to appeal, which the trial court
granted.
II. Jurisdiction
In his first point, appellant alleges that the juvenile court's order
waiving jurisdiction is void on its face, nullifying the juvenile court's
transfer to a criminal district court and depriving the sentencing court of
jurisdiction. The State responds that the point is waived or, alternatively, the
typographical error did not prevent proper transfer of the cases.
The State relies on Texas Code of Criminal Procedure article 4.18 for
the argument that in order to preserve error, appellant had to file a motion
with the court contesting jurisdiction. We disagree. Article 4.18(a) states:

 A claim that a district court or criminal district court does not
 have jurisdiction over a person because jurisdiction is exclusively in the
 juvenile court and that the juvenile court could not waive jurisdiction under
 Section 8.07(a), Penal Code, or did not waive jurisdiction under Section
 8.07(b), Penal Code, must be made by written motion in bar of prosecution
 filed with the court in which criminal charges against the person are filed.

Tex. Code Crim. Proc. Ann. art. 4.18(a) (Vernon Supp. 2003).
Here, appellant is not arguing that the criminal district court does
not have jurisdiction because jurisdiction is exclusively in the juvenile court.
He is also not arguing that the juvenile court did not waive jurisdiction under
Texas Penal Code section 8.07(b). Appellant is arguing that the juvenile court
never had jurisdiction over the causes in the first place because the Waiver of
Jurisdiction and Order of Transfer to a Criminal District Court stated that
appellant was "17 years of age at the time the acts upon which the Motion
is founded [are] alleged to have occurred." See Tex.
Fam. Code Ann. §§ 51.02(2) (Vernon 2002) (defining a "child" as a
person seventeen years of age who is alleged to have engaged in delinquent
behavior and committed such acts before becoming seventeen), 51.04(a)
(conferring jurisdiction on juvenile courts). The State's argument that
"article 4.18 clearly requires a written motion to be filed in order to
raise a claim that the district court's jurisdiction over a juvenile is somehow
suspect" is an overly broad statement. Article 4.18 specifically states the
situations in which a motion is required and neither situation fits appellant's
facts. Thus, appellant was not required to file a motion to preserve error. We
now address the merits of appellant's first point.
The juvenile court is not a court of general jurisdiction. The family
code provides the juvenile court's authority to act. See
Tex. Fam. Code Ann. §§ 51.01-60.009; In re A.S., 875
S.W.2d 402, 403 (Tex. App.--Corpus Christi 1994, no writ). The juvenile court
has exclusive, original jurisdiction over all proceedings involving a defendant
who is a "child" when the alleged offense occurred. See
Tex. Fam. Code Ann. § 51.04(a). The family code defines "child" as
one who is:

 (A) ten years of age or older and under 17 years of age; or
 (B) seventeen years of age or older and under 18 years of age who is
 alleged or found to have engaged in delinquent conduct or conduct indicating a
 need for supervision as a result of acts committed before becoming 17 years of
 age.

Tex. Fam. Code Ann. § 51.02(2); see In re N.J.A.,
997 S.W.2d 554, 556-57 (Tex. 1999) (holding that juvenile court had jurisdiction
over an eighteen year old who committed an offense when she was sixteen years
old but only to either transfer or waive jurisdiction).
Here, appellant's birthday is July 12, 1983, and the indictment states
that the offenses occurred on or about July 6, 2000 and July 8, 2000. Therefore,
appellant was sixteen years old and fell within the statutory definition of
"child," giving the juvenile court exclusive jurisdiction under Texas
Family Code section 51.04(a). Tex. Fam. Code Ann. § 51.04(a). Although the
Waiver of Jurisdiction and Order of Transfer to a Criminal District Court stated
that appellant was seventeen when the offenses occurred, this typographical
error does not alter the juvenile court's jurisdiction over appellant. See
Speer v. State, 890 S.W.2d 87, 93 (Tex. App.--Houston [1st
Dist.] 1994, pet. ref'd) (holding that a discrepancy between the caption of the
juvenile and district court order was nothing more than a typographical error or
editing oversight that did not affect the waiver and transfer of jurisdiction
between courts). Thus, the juvenile court had exclusive jurisdiction to waive
and transfer the causes to district court. Appellant's first point is overruled.
III. Motion for New Trial
In his second point, appellant alleges that the trial court abused its
discretion in denying his motion for new trial based upon new evidence
establishing his innocence. The State responds that appellant's motion for new
trial did not raise newly discovered evidence.
A trial court has discretion to decide whether to grant a new trial
based upon newly discovered evidence, and its ruling will not be reversed absent
an abuse of discretion. Keeter v. State, 74 S.W.3d 31, 37
(Tex. Crim. App. 2002); Henderson v. State, 82 S.W.3d 750,
754-55 (Tex. App.--Corpus Christi 2002, no pet.). The Texas Code of Criminal
Procedure provides that a new trial shall be given to an accused where material
evidence favorable to the accused has been discovered since trial. Tex. Code
Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2003); Keeter,
74 S.W.3d at 36. To establish an abuse of discretion, the appellant must show:
(1) the evidence was unknown to him before trial; (2) his failure to discover
the evidence was not due to his want of diligence; (3) it is probably true and
its materiality will probably bring about a different result upon a new trial;
and (4) it is competent, not merely cumulative, corroborative, collateral, or
impeaching. Keeter, 74 S.W.3d at 36-37.
The "probably true" requirement means the trial court must
determine that the whole record presents no good cause to doubt the credibility
of the witness whose testimony constitutes new evidence, either by reason of the
facts proven at the trial or by the controverting affidavits on the motion, or
otherwise. Keeter, 74 S.W.3d at 38; Jones
v. State, 711 S.W.2d 35, 37 n.4 (Tex. Crim. App. 1986); Henderson,
82 S.W.3d at 755. Stated otherwise, the trial court can find the new evidence is
probably not true when it contradicts either the mass of reliable testimony at
trial or the defendant's own testimony, or the new testimony is inconsistent or
otherwise inherently suspect. Henderson, 82 S.W.3d at 755.
After reviewing the record, we conclude the trial court did not abuse
its discretion in denying appellant's motion for new trial. Appellant testified
at the hearing and because his testimony was both inconsistent and inherently
suspect, the court was well within its discretion to determine that it probably
was not true. He testified that he felt coerced into signing the guilty plea
because the jury was waiting to hear the case that day; however, he later
admitted that he signed the plea a few days before trial, giving him plenty of
time to think about it. Appellant also alleged that his attorney pressured him
to take the plea, but when questioned further he acknowledged that he reached a
point where he believed taking the plea was in his best interest.
In light of these discrepancies, the court was reasonable in doubting
appellant's credibility when he testified about his actual innocence to the
robbery charges. He testified that he had no involvement in any of the crimes,
despite the complainants clearly identifying him. Furthermore, appellant's
cousin, Joe Tennison, testified, but he provided nothing more than self-serving
testimony that the court was free to disbelieve. Tennison, who had already pled
guilty to the robberies, claimed that appellant did not participate in the
robberies. Tennison's attorney attempted to withdraw as counsel when he took the
stand and had the court admonish Tennison about the perjury laws. Tennison knew
that if he was convicted of perjury the sentence would run concurrently with his
twelve-year term; therefore, he had nothing to deter him from lying. Based on
appellant's and Tennison's testimony, the trial court was within its discretion
to determine that the "new" evidence probably was not true; therefore,
the third Keeter prong is not satisfied. Furthermore,
appellant failed to show that Tennison's testimony providing "new"
evidence was unknown or unavailable to him before trial or that the lack of
discovery was not due to a lack of diligence. Thus, appellant's second point is
overruled.
IV. Conclusion
Having overruled appellant's two points, we affirm the trial court's
judgments.
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. Appellant's birth date is July 12, 1983. One count
occurred July 6, 2000, and the other two counts occurred July 8, 2000.