John R Heilman, J.
Respondent is before the court on two petitions arising out of the same incident. The first of these charges the respondent with being a juvenile delinquent based upon alleged possession of a 5 millimeter air-gun in violation of section 265.05 of the Penal Law. The second petition charges the respondent with being a juvenile delinquent based upon reckless endangerment in the second degree in violation of section 120.20 of the Penal Law. Respondent. allegedly discharged said gun, creating a substantial risk of injury, and said discharge struck another boy in the left wrist necessitating medical treatment.
At the arraignment of respondent on these petitions it was established that he was born September 28, 1961 and thus had not reached his 16th birthday at the time of the commission of the alleged acts on June 22, 1975. The court appointed a Law Guardian for the respondent, who thereafter moved to dismiss the petition charging violation of section 265.05 of the Penal Law on the ground that said section was inconsistent with section 712 of the Family Court Act, and on the further ground that section 265.05 is vague and unconstitutional *793 because it deprives the respondent of the equal protection of the law.
The court adjourned the matters to February 18, 1976 and directed the Law Guardian to serve notice of the motion and of the constitutional question raised therein upon the Attorney-General of the State of New York, pursuant to section 71 of the Executive Law. The court has read and considered the memoranda submitted in support of the motion on behalf of respondent, and in opposition thereto by the County Attorney of Dutchess County and the Attorney-General of the State of New York.
The first issue raised by respondent is the alleged inconsistency between section 712 of the Family Court Act and section 265.05 of the Penal Law. Black’s Law Dictionary defines the word "inconsistent” to mean "mutually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other”. The respondent’s argument is founded upon his contention that since subdivision (a) of section 712 of the Family Court Act defines juvenile delinquency in terms of adult criminal conduct, any act on the part of a person under the age of 16, which would not be proscribed for an adult, may not be the basis of a charge of juvenile delinquency. To follow this line of reasoning to the logical conclusion would necessitate the conclusion that the Legislature was without authority to prohibit a person under the age of 16 from doing certain acts unless adults were likewise so prohibited.
Subdivision (a) of section 712 of the Family Court Act provides: "(a) 'Juvenile delinquent’ means a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime.”
Section 265.05 of the Penal Law provides: "It shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife.
"A person who violates the provisions of this section shall be adjudged a juvenile delinquent.”
This section of the Penal Law represents an amendment of prior subdivision 4 of section 265.05 and became effective *794 September 1, 1974 (L 1974, ch 1041, § 3). Except for the words "It shall be unlawful” and the addition of the second paragraph, the section contains the same wording as old subdivision 4 of section 265.05. McKinney’s Commentary to this section notes that subdivisions 1, 2 and 3 of former section 265.05 were redistributed to new sections 265.02 and 265.01. (Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 265.05, 1975-1976 Pocket Part, p 125.)
What is the significance of this amendment as it applies to a finding of juvenile delinquency? In the former subdivision 4 of section 265.05 the reference to former subdivisions 1, 2 and 3 of section 265.05 was unnecessary and duplicitous in the light of section 712 of the Family Court Act. By severing from the former 265.05 and re-enacting as new 265.05 these specific provisions, did the Legislature intend to create an additional classification of juvenile delinquency beyond that of a crime if committed by an adult? If so, there is a lack of either legislative memorandum or Governor’s memorandum to accompany or explain such purpose. Section 265.05 is the only provision of its type anywhere in the Penal Law relating to juveniles. Nowhere in the Penal Law of the State of New York is it denominated a crime or even a violation for an adult to possess an air-gun or spring-gun. Further, this section combines acts that constitute crimes if committed by an adult with possession of an air or spring-gun which do not constitute crimes if committed by an adult. Thus, even the other provisions of section 265.05 are redundant so far as defining juvenile delinquency is concerned.
McKinney’s Practice Commentary to section 265.05 contains this significant notation: "Technically, it should not even be in the Penal Law but in the Family Court Act. Note that the predecessor section included also a prohibition against possession by a person under 16 years of age of the weapons and instruments barred by §§ 265.02(2), (4) and 265.01(1), but that this has been omitted from the instant version. No substantive change is effected thereby since conduct which would constitute a crime if committed by an adult is defined as juvenile delinquency when committed by a youth under 16 years of age (see Family Court Act, § 712).” (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 265.05, 1975-1976 Pocket Part, p 125.)
There being neither legislative nor Governor’s memoranda accompanying the enactment of this amendment, there appears to be no reason or satisfactory explanation for singling *795 out this one noncriminal act of a juvenile as being so fraught with danger to the juvenile or the public as to require such an exception to the general definition of juvenile delinquency set forth in section 712 of the Family Court Act. Many other gaps exist in the law where acts not denominated crimes for an adult, but fraught with danger if committed by a person under 16 have not been designated as juvenile delinquency by the Legislature. (See, e.g., Vehicle and Traffic Law, § 509, operating a motor vehicle without a driver’s license). A person under the age of 16 who violates one of these sections cannot be adjudicated either a juvenile delinquent under section 712 because it is a violation, not a felony or misdemeanor, nor a person in need of supervision because it is the commission of a single act rather than a course of conduct (Matter of Raymond O., 31 NY2d 730). His release after apprehension because of this gap creates disrespect for law. Two prior Legislatures have passed bills to close these gaps, but in each case the bills have been vetoed by the Governor. The singling out of possession of an air-gun or spring-gun as the sole noncriminal basis for juvenile delinquency cries out for an explanation. It may be that the obvious dangers of the other acts referred to in section 265.05 if committed by juveniles caused the distinction of possession of a spring or air-gun as being noncriminal for an adult to be overlooked.
But the Legislature is not required to explain its reasons for enactment of laws and has the authority to enact laws, provided they are constitutional and, in its wisdom, are necessary. The court must take the law as it is unless it violates some constitutional provision. The court may not legislate.
The Family Court Act section defines a juvenile delinquent as one who has committed an act which would be a crime if committed by an adult. The Penal Law section, as it refers to "air-gun, spring-gun”, defines a juvenile delinquent as one who has not committed a crime. The Legislature has the right to enact any definition of a juvenile delinquent that it feels is appropriate. Section 265.05 is claimed to be merely a parallel statute to section 712 of the Family Court Act (Matter of Don R.B., 66 Misc 2d 279). This court does not agree with that interpretation because the Penal Law section incorporates into the Family Court Act definition of juvenile delinquency a concept not included in and contrary to such definition. A more appropriate interpretation of section 265.05 of the Penal Law would be that it is in addition to the section 712 definí *796 tion, and as McKinney’s Commentary indicates, the concept of section 265.05 belongs in the Family Court Act. Thus, we can say that section 265.05 of the Penal Law in effect adds at the end of section 712 of the Family Court Act the words "or who possesses any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air.”
This court must therefore agree that confusion is created by the wording of section 265.05 of the Penal Law as it includes in the definition of juvenile delinquency acts of both criminal and noncriminal nature if committed by persons 16 years of age or older. However, the confusion can be characterized merely as an inappropriate placement of the provision, or a determination by the Legislature that placing all provisions of law relating to weapons in one chapter of the law is more appropriate than placing all definitions of juvenile delinquency in one chapter. The confusion is not such a violation of respondent’s rights as to mandate the dismissal of the petition against him.
We turn now to the constitutional question of equal protection of the law.
The basis of respondent’s contention of the unconstitutionality of this Penal Law section is that it "does not apply equally for juveniles and adults alike.” If that contention were upheld, then indeed section 712 of the Family Court Act would be unconstitutional. No such determination has ever been made.
A further contention of respondent is "vagueness”. There is nothing vague about the language of the section. It contains a specific prohibition. There may be vagueness as to intent or purpose of the Legislature, but as discussed previously herein, that is not sufficient to invalidate the law.
Obviously in our system of justice cogent reasons exist for treating adults of supposed mature judgment and thinking differently than younger persons of less experience and reasoned judgment. That is the fundamental philosophy of juvenile justice in this country (Jacobsen v Massachusetts, 197 US 11).
Other significant language is found in Oregon v Mitchell (400 US 112, 127) where the court said: "The Fourteenth Amendment was surely not intended to make every discrimination between groups of people a constitutional denial of equal protection.”
The burden is upon him who contests the constitutionality *797 of a statute to establish the unconstitutionality and to overcome the strong presumption of constitutionality. (Defiance Milk Prods. Co. v Du Mond, 309 NY 537; Lincoln Bldg. Assoc. v Barr, 1 NY2d 413.)
The court finds that respondent has not borne that burden or overcome that presumption.
The motion is denied. The clerk of the court is directed to set both matters down for hearings at the earliest possible date and notify the parties and counsel.