opinion of the court
Allan Dixon, J.
This matter originates based on a petition filed with this court alleging that the respondent, John R. Smith, is a juvenile delinquent and be dealt with in accordance with provisions of article 7 of the Family Court Act. The petition alleges that the respondent committed acts which, if done by an adult would constitute the crimes of harassment, pursuant to subdivision 5 of section 240.25 of the Penal Law; prohibited use of weapons, as defined in section 265.35 (subd 3, par [a]) of the Penal Law; and unlawful possession of weapons by persons under 16, pursuant to section 265.05 of the Penal Law.
A full fact-finding hearing was held on May 6, 1981, during the course of which testimony was taken from two companions of the respondent, the wife of the complainant, the respondent himself and the mother of the respondent. One point clearly appears from the testimony. The respondent did on the 27th of July, 1980, have in his possession a BB gun. In light of this finding, the allegations of the petition must be viewed.
*1064 Subdivision 5 of section 240.25 of the Penal Law states that a person is guilty of harassment if with intent to harass, annoy or alarm another person he “engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.” Harassment is, however, a violation. Since harassment is classified as a violation under the Penal Law it falls in the category of an offense and not a crime. For the respondent to be adjudicated a juvenile delinquent he must have committed an act which, if done as an adult, would constitute a crime. Clearly harassment does not fall in this category.
Section 265.35 (subd 3, par [a]) of the Penal Law states that any person who, “otherwise than in self defense or in the discharge of official duty, *** wilfully discharges any species of firearms, air-gun or other weapon *** either in a public place, or in any place where there'is any person to be endangered thereby *** is guilty of a class A misdemeanor.” Based on the testimony, the court is not convinced that the respondent violated this provision and, therefore, makes the finding that the respondent did not commit the acts which would constitute a violation of section 265.35 (subd 3, par [a]) of the Penal Law.
Of central concern in this matter is section 265.05 of the Penal Law. That section states that “[i]t shall be unlawful for any person under the age of sixteen to possess any airgun, spring-gun or other instrument or weapon in which the propelling force is a spring or air * * * A person who violates the provisions of this section shall be adjudged a juvenile delinquent.” In reference to this section in a similar case, it has been said that the placement of section 265.05 in the Penal Law creates confusion in that it includes “in the definition of juvenile delinquency acts of both criminal and noncriminal nature if committed by persons 16 years of age or older.” (Matter of Thomas F., 85 Misc 2d 791, 796.) Judge Heilman, author of the decision, treats the placing of section 265.05 as merely a legislative determination to place all provisions relating to weapons in one spot. It remains within the legislative prerogative to enact definitions of juvenile delinquency that it feels appropriate. The fact that section 265.05 appears in the Penal *1065 Law, therefore, does not change the fact that what is at issue is the question of whether the respondent shall be adjudged a juvenile delinquent.
There is no doubt that the respondent admitted that he did possess an air gun. The testimony clearly indicates this. What is not clear from the testimony is the age of the respondent at the time he possessed the air gun. “Age is a jurisdictional fact in a juvenile delinquency proceeding and the burden of proving that the respondent falls within the age group over which the court has jurisdiction rests with the prosecution.” (Matter of Kalvin, 99 Misc 2d 996.) Judge McLaughlin’s well-reasoned opinion in Matter ofKalvin (supra) provides ample examination of this issue and provides the source for this decision. Although the petition alleges that the respondent was under 16 years of age, at the time of the incident in question, careful review of the record indicates no testimony as to the age of the respondent. The general denial entered by the attorney for the respondent is sufficient to obligate the prosecution to prove each and every element of the case.
Section 265.05 gives the court no discretion as to whether or not a respondent is to be found a juvenile delinquent. If all of the elements of section 265.05 are present as evidence, the court “shall [adjudge] the respondent a juvenile delinquent.” In such a situation this court feels that all the elements of the statute must be proved by clear evidence on the record.
Therefore, based on the absence of evidence as to the age of the respondent and for the other reasons cited above, the motion to dismiss is granted.