■ In the Matter of THOMAS RR., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered January 4, 1983, which, after adjudicating respondent a juvenile delinquent, placed him with the Division of Youth for a period of one year. Respondent was charged as being a juvenile delinquent for unlawful possession of a weapon and reckless endangerment stemming from a shooting incident on June 1, 1982. After a fact-finding hearing, the reckless endangerment charge was dismissed but the unlawful possession of a weapon charge was sustained. Following a dispositional hearing, respondent was placed on probation for a two-year period. Thereafter, he was charged with a violation of probation. A new dispositional hearing was conducted on January 4, 1983, as a result of which respondent was placed with the Division for Youth. He is currently in a nonsecured detention facility. On this appeal, respondent asserts that there was no factual basis for the underlying juvenile delinquency determination. As a predicate for a finding of juvenile delinquency, it must be established beyond a reasonable doubt that "an act that would constitute a crime" if committed by an adult has occurred (Family Ct Act, §§ 712, 744, subd [b]). Here, the charge is that respondent was in unlawful possession of a weapon in violation of section 265.05 of the Penal Law.[*] Respondent contends that, if anything, he is guilty merely of failing to comply with the licensing provisions of subdivision 1 of section 11-0701 and subdivision 1 of section 11-0929 of the Environmental Conservation Law. These latter provisions provide that a minor between the ages of 14 and 16 may exercise the privilege of hunting, provided he is licensed and accompanied by a parent, guardian or other designated person who is licensed, notwithstanding the provisions of the Penal Law or any other law to the contrary (see 1977 Opns Atty Gen 171). The record confirms that respondent, age 14 at the time, was licensed but that he was "accompanied" only by a minor. His mother testified that he was hunting in an area close to home with her permission and that she ostensibly was watching him. Although not defined by statute, the term "accompanied", when given its plain and ordinary meaning, is defined as "to go

---

[*] As noted in the statute's Practice Commentary, section 265.05 of the Penal Law "does not define a 'crime' but declares the possession prohibited therein to be juvenile delinquency" (Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 265.05, p 480). This section, as it refers to "air-gun, spring-gun", defines a juvenile delinquent as one who has *not* committed a crime. Such is contrary to the definition of a juvenile delinquent as set forth in section 712 of the Family Court Act, i.e., a crime must have been committed. In *Matter of Thomas F.* (85 Misc 2d 791, 795-796), the court concluded that section 265.05 serves as an additional basis for a finding of juvenile delinquency, i.e., possession of "any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air". Even assuming the wisdom of this construction, the noncriminal conduct proscribed in section 265.05 may not be utilized as a basis for a juvenile delinquency determined here since respondent possessed a .20 gauge shotgun, not an air rifle.

with or attend as an associate or companion" (Webster's New Collegiate Dictionary [8th ed]). As construed within the meaning intended by the Legislature, the term imports an actual physical presence to insure the safety of the minor as well as the general public (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 230, 271, subd c). It follows that respondent's assertion of constructive presence does not comply with the statutory mandate. This does not, however, lead to the conclusion that respondent has violated the terms of section 265.05 of the Penal Law. Subdivision 3 of section 11-0719 of the Environmental Conservation Law specifically prescribes that a licensed minor who exercises his hunting privileges while not accompanied by his parent, guardian or other adult may have his license revoked by the Department of Environmental Conservation. Further, such conduct constitutes a violation punishable by imprisonment for not more than 15 days, and/or by a fine not to exceed $250 (ECL 71-0919, subd 1, par b; 71-0923, subd 1). Having been so defined within the context of the Environmental Conservation Law, which the Legislature has expressly provided takes precedence in this area, it is clear that respondent's conduct does not fall within the ambit of section 265.05 of the Penal Law (see *People v Knatt,* 156 NY 302, 305). Inasmuch as respondent's transgression constitutes a violation and not a crime, the order adjudicating respondent a juvenile delinquent must be reversed and the petition dismissed. Order reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.