OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, the adjudication of juvenile delinquency reinstated, and the case remitted to the Appellate Division, Third Department, for consideration of the facts (CPLR 5613).
 

 Respondent, aged 14, allegedly fired a shotgun at three motorcyclists in a field near his home. Following a fact-finding hearing, Family Court determined that he had violated section 265.05 of the Penal Law, which declares that any person under the age of 16 who possesses certain otherwise lawful weapons shall be adjudged a juvenile delinquent. The court rejected respondent’s contention that he should have been subject only to the sanctions of the Environmental Conservation Law (ECL) for having exceeded the scope of his hunting license. The Appellate Division unanimously reversed, concluding that the ECL exclusively governed respondent’s conduct.
 

 Preliminarily, we note that Family Court had jurisdiction to determine whether respondent violated section 265.05 of the Penal Law. Although generally a person cannot be adjudicated a juvenile delinquent unless he has committed an act that would have constituted a crime if performed by an adult (Family Ct Act § 301.2 [1]), section 265.05 of the Penal Law reflects a specific legislative intent to proscribe certain conduct when
 
 *1064
 
 engaged in by juveniles, and by defining such conduct as juvenile delinquency the Legislature has provided Family Court with appropriate jurisdiction (Family Ct Act § 302.1). On the merits, there is support in the record for the affirmed finding that respondent’s possession of the shotgun, while he was unaccompanied but observable from the house by his mother, was not in compliance with the conditions of his hunting license (ECL 11-0701 [1]; 11-0929 [1]). While the Appellate Division noted that respondent’s conduct could not be the basis for a delinquency determination under Penal Law § 265.05, because he possessed a shotgun, not an air rifle, the statute is not limited to air rifles and includes weapons “in or upon which any loaded or blank cartridges may be used”.
 

 We disagree with the conclusion of the Appellate Division that the sanctions contained in the ECL for violation of a hunting license supersede the provisions of the Penal Law proscribing what would otherwise be criminal conduct. Absent here is any evidence of a legislative intention to make the ECL the exclusive means of punishing such conduct
 
 (cf. People v Valenza,
 
 60 NY2d 363, 371). To the contrary, the ECL provides that “[n]o provision or language of the Fish and Wildlife Law [11-0101
 
 et seq.;
 
 13-0101
 
 et seq.]
 
 shall be construed as amending, repealing, superseding or limiting any provision of the Penal Law * * * except to the extent that such provision or language is expressly stated to be applicable notwithstanding such law” (ECL 71-0905 [1]). The provision violated by respondent, ECL 11-0701 (1), is expressly stated to be applicable notwithstanding the Penal Law. Thus, so long as a person between the ages of 14 and 16 observes the limitations of his hunting license, including the requirement — breached here — that he be accompanied by a licensed adult, he cannot be prosecuted for what otherwise would subject him to liability under the Penal Law. A juvenile who exceeds the scope of his license, however, is not immune from prosecution under the Penal Law.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
 

 Order reversed, without costs, adjudication of juvenile delinquency reinstated, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.