(July 18, 1985)

■ In the Matter of THOMAS RR., a Person Alleged to be a Juvenile Delinquent, Appellant.—Weiss, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered January 4, 1983, which, after adjudicating respondent a juvenile delinquent, placed him with the Division for Youth for a period of one year.

This case comes before us a second time. Previously, we determined that respondent's possession of a shotgun constituted a violation of the licensing provisions set forth in the Environmental Conservation Law, not a crime, and consequently reversed the order adjudicating respondent a juvenile

delinquent and dismissed the petition (99 AD2d 620). The Court of Appeals reversed this determination, reinstated the adjudication of juvenile delinquency and remitted the matter to this court for further consideration of the facts (64 NY2d 1062). This brings to issue the disposition revoking respondent's probation and placing him with the Division for Youth for a period of one year.

After being adjudicated a juvenile delinquent, respondent was placed on probation for a two-year period commencing December 2, 1982.* Among the many conditions of probation, respondent was required to keep all appointments with his probation officer and avoid being suspended from school (*see,* 22 NYCRR 2507.6). Shortly thereafter, respondent was charged with a violation of probation for having failed to report to his probation officer on December 8, 1982 and for receiving a two-day suspension from school for disruptive classroom behavior on December 9, 1982. On January 4, 1983, a new dispositional hearing was conducted, during which respondent's probation officer recommended his placement with the Division for Youth. Inasmuch as respondent acknowledged both violations and was given clear warning that a violation of his probationary terms could result in such placement, we find ample evidence in the record to support the determination.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.

---

* We note that by the Laws of 1982 (ch 920, § 21), effective July 1, 1983, the maximum period of probation may no longer exceed one year unless exceptional circumstances require an extension for an additional year (Family Ct Act § 757 [b]).